UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS KEARNEY,

                                           **Plaintiff,**                                      09-CV-00679(Sr)

v.

GLENN S. GOORD, et al.,

                                           **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #31.

Currently before the Court is plaintiff's motion to substitute the representative of the estate of defendant Brian Rydza as a defendant in this matter (Dkt. #26), and a motion by Kelly A. Foster, Executor of the Estate of Brian Rydza ("estate"), to dismiss the action against Brian Rydza for insufficient service of process. Dkt. #33 & Dkt. #34. For the following reasons, it is recommended that plaintiff's motion to substitute be granted and defendant's motion to dismiss be denied.

## BACKGROUND

Plaintiff, appearing *pro se*, filed his Complaint on July 28, 2009, asserting claims pursuant to 42 U.S.C. § 1983 against numerous employees of the New York

State Department of Corrections, including Brian Rydza.  Dkt. #1.  By Order entered December 3, 2009, the Court granted plaintiff's motion for leave to proceed *in forma pauperis* and directed the U.S. Marshals to serve the Summons and Complaint on the defendants.  Dkt. #5.  Summons were issued the same day, *to wit*, December 3, 2009.

Defendant Brian Rydza died on December 4, 2009.  Dkt. #12, ¶ 5.

The only Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint which was returned and filed with the Clerk's Office was signed by defendant Sinicki on January 15, 2010.  Dkt. #6.

On February 23, 2010, defendants, including defendant Rydza, answered plaintiff's complaint.  Dkt. #7.  Although the complaint asserts numerous affirmative defenses, it does not challenge service of process.  Dkt. #7.

On March 29, 2010, the Wyoming County Surrogate's Court issued Letters Testamentary appointing Kelly Foster as Executor of the estate and admitting Brian Rydza's will to probate.  Dkt. #34, ¶ 5.

On May 12, 2010, defense counsel filed an Amended Answer to include defendant Stevens, who was inadvertently omitted in the original Answer.  Dkt. #10. The Amended Answer includes the same affirmative defenses as the original Answer. Dkt. #10.

On May 14, 2010, defense counsel filed a suggestion of death with respect to defendant Brian Rydza.  Dkt. #12.  On the same date, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. #13.

By Order entered May 20, 2010, the Court directed plaintiff to move to substitute the representative of Brian Rydza's estate within 90 days.  Dkt. #15.  Plaintiff filed a Motion for Substitution of A Party on June 30, 2010.  Dkt. #26.  By Text Order entered July 9, 2010, the Court granted Plaintiff a six month extension of time to serve an amended motion for substitution which identified the executor of the estate.  Dkt. #28.  On August 18, 2010, plaintiff served a motion to substitute Kelly Foster as Executor of Brian Rydza's estate.  Dkt. #30.

## DISCUSSION AND ANALYSIS

The estate argues that the complaint must be dismissed against Bryan Rydza because he died on December 4, 2009, more than 120 after filing of the Summons and Complaint, without having been served with the Summons and Complaint.  Dkt. #34, ¶ 4.

Plaintiff argues that the defense is waived because defendant failed to raise the claim of insufficient service of process in a timely fashion.  Dkt. #35, ¶¶ 11-12 & Dkt. #36.

As set forth in Rule 12(h)(1) of the Federal Rules of Civil Procedure, the defense of insufficient service of process is waived if it is not raised in the answer or a motion to dismiss prior to the filing of an answer.  *Santos v. State Farm Fire & Cas. Co.,* 902 F.2d 1092, 1095 (2d Cir. 1990).  In the instant case defendant Bryan Rydza answered the complaint without raising the issue of sufficiency of process.  Dkt. #7 & Dkt. #10.  Thereafter, defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. #13.  This also operates as a waiver of the defense of insufficient process.  *See* Fed. R. Civ. P. 12(g)(2) (party making motion under Rule 12 must not make another motion raising a defense that was omitted from its earlier motion) & Fed. R. Civ. P. 12(h)(1)(A) (party waives the defense of insufficient process by omitting it from a motion under Rule 12).  Accordingly, any objections to service of process are waived.

Although the Court recognizes the practical impossibility that defendant Rydza was served prior to his death on December 4, 2009 given that the Summons were issued by the Court for service by mail by the U.S. Marshals on December 3, 2009, the Assistant Attorney General's failure to object to service of process is inconsequential.  Once a plaintiff is granted permission to proceed *in forma pauperis*, the  responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court.  *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Rivera v. Pataki*, No. 04 Civ. 1286, 2005 WL 407710, at *15 (S.D.N.Y. Feb. 7, 2005) ("Once plaintiff provided the Marshal's Service with the information required to serve his complaint, he was absolved of further responsibility for service.").

The Court retains discretion to extend the deadline for service, and defendant Rydza's death and uncertainty about the identity of the representative of the estate, constitutes good cause for such an extension. *See Mused v. U.S. Dept. of Agric. Food & Nutrition Serv.,* 169 F.R.D. 28, 33 (W.D.N.Y. 1996); *Mejia v. Castle Hotel, Inc*., 164 F.R.D. 343, 345 (S.D.N.Y. 1996). Thus, even if the defense of insufficient process had been raised timely, the Court would have been obligated to extend the deadline for service and cure the defect by directing the U.S. Marshals to serve the representative of defendant Rydza's estate.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that defendant's motions (Dkt. #33 & Dkt. #34), to dismiss for failure to effect sufficient service of process be **DENIED** and that plaintiff's motion (Dkt. #26), to substitute Kelly A. Foster, Executor of the Estate of Brian Rydza, for the defendant, Bryan Rydza, be **GRANTED**.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED:	Buffalo, New York
	March 14, 2011

　　　　　　　　　　　　　　　　　　　　s/ H. Kenneth Schroeder, Jr.　
　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**