Case 1:09-cv-00679-RJA-HKS   Document 43   Filed 03/14/11   Page 1 of 4

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

THOMAS KEARNEY,

          Plaintiff,          09-CV-00679(Sr)

v.

GLENN S. GOORD, et al.,

          Defendants.

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #31.

Currently before the Court are plaintiff's motions for appointment of counsel. Dkt. #22 & Dkt. #37.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. In support of his first motion for appointment of counsel, plaintiff argues that an

attorney is warranted so that he can appeal a district court decision and explore "possible misconduct and ex parte communications between the District Court and Defendant's counsel of record." Dkt. #22. In an attached "Verified Letter of Objection to the Docket," plaintiff complains that the Court failed to enter default judgment against defendant Stevens as plaintiff requested and alleges that "defendant's counsel contacted the Court and asked the Clerk to place defendant's Amended Answer first on the docket with respect to Plaintiff's Motion for Default in order to make Plaintiff's motion seem meritless." Dkt. #24, p.3. It appears likely, however, that upon receipt of plaintiff's motion for default judgment by mail, defense counsel electronically filed the amended answer and noted in the docket entry the reason for the filing, *to wit*, "Defendant Stevens inadvertently omitted as filer of original answer." Dkt. #10. As plaintiff cannot file documents electronically, but must rely upon the Clerk's office to scan and file his documents, it is mere coincidence that the docket clerk did not file plaintiff's motion until later in the day of its receipt. Dkt. #11.

In any event, the filing of the motion for default subsequent to the filing of the amended answer is immaterial, as the Clerk correctly noted that "return of services have not been returned as proof the defendant was served." Dkt. #11. In other words, the Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint for defendant Stevens had not been filed with the Clerk's Office. *See, e.g.*, Dkt. #6. Even if defendant Stevens had been properly served, the Court of Appeals has emphasized that "defaults are generally disfavored" and should be "reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1992).

-3-

Furthermore, plaintiff's appeal was dismissed for lack of appellate jurisdiction because a final order had not been issued by this Court. Dkt. #32. Thus, plaintiff's proffered reasons for appointment of counsel do not support such relief.

In support of his second motion for appointment of counsel, plaintiff argues that it is almost impossible for him to properly investigate the facts and interview witnesses because of his incarceration. Dkt. #37. Plaintiff also notes the legal complications resulting from the death of defendant Rydza, his need for an expert witness and his lack of legal experience. Dkt. #37. By Decision and Order entered contemporaneously with this Decision and Order, the Court has granted plaintiff's request to substitute the representative of the estate to defendant Rydza. With respect to plaintiff's lack of legal experience, the Court notes that plaintiff has clearly articulated the facts and legal theories supporting his complaint and responded cogently to defendants' motion to dismiss, resulting in the denial, in large part, of that motion.

Accordingly, plaintiff's motions for appointment of counsel (Dkt. #22 & Dkt. #37), are denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 14 , 2011

    s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**